IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARVIS LAKEITH ALLEN,      ) | | |
| Plaintiff,      ) | | |
| ) | | |
| vs.      ) | No. 3:22-CV-1693-G (BH) | |
| ) | | |
| CITY OF DALLAS,      ) | | |
| Defendant.      ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

## I.  BACKGROUND

On July 28, 2022, Plaintiff Darvis LaKeith Allen (Plaintiff), a former state inmate now on parole, sued his parole officer and her supervisor for allegedly violating his constitutional rights by reporting parole violations that lead to his arrest and 30-day incarceration in the local county jail. *See Darvis LaKeith Allen v. Contessa Smith et al.*, 3:22-cv-1642-G-BH (N.D. Tex.). He later filed a motion for the return of his vehicle, which had been seized and impounded by the Dallas Police Department following his arrest, in that case. *See id.,* (doc. 5). The motion was liberally construed as a lawsuit against the City of Dallas (City) for the return of seized property, and it was opened in this new case. (*See* doc. 4.) In his amended complaint, Plaintiff seeks the "release" of his vehicle "free of charge", claiming that he was "apprehended on false allegations," illegally arrested, and "wrongful[ly] imprisoned." (doc. 6 at 1.)[2] He seeks an order compelling City to release his property due to his false arrest and wrongful imprisonment. (*Id.* at 1.)

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  PRELIMINARY SCREENING

Plaintiff is a state prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, known as the Prison Litigation Reform Act (PLRA).[3] *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.  SUBJECT MATTER JURISDICTION

"There is a mechanism to recover property seized and held by **federal** officials— [Federal Rule of Criminal Procedure] Rule 41(g)." *Taylor v. 187th Dist. Court, Bexar Cty.*, SA-22-CV-

---

[3] Plaintiff alleges that he is paroled and lives in a halfway house. *See Darvis LaKeith Allen v. Contessa Smith et al.*, 3:22-cv-01642-G-BH (doc. 15 at 1.) Section 1915(h) provides, "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Accordingly, Plaintiff is a prisoner for purposes of the PLRA. *See Jackson v. Johnson*, 475 F.3d 261, 265-67 (5th Cir. 2007) (holding that person released on parole and placed in a halfway house was a prisoner under the PLRA).

2

1241-JKP, 2022 WL 17616478, at *2 (W.D. Tex. Dec. 13, 2022), *rec. accepted* 2023 WL 139153 (W.D. Tex. Jan. 9, 2023) (emphasis in original). Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."

"However, when property is seized and held by **local** law enforcement officials, […] and not by federal officials, a federal court generally lacks subject matter jurisdiction over a motion to return such property." *Taylor*, 2022 WL 17616478, at *2 (emphasis in original) (citing *United States v. Copeman*, 458 F.3d 1070, 1071-73 (10th Cir. 2007); *Reyna v. United States*, 180 F. App'x 495, 496 (5th Cir. 2006) (per curiam)); *see also United States v. Watson*, No. 04-CR-182-TCK, 2011 WL 3241357, at *1 (N.D. Okla. July 28, 2011) ("When property is seized and held by local law enforcement officials, as opposed to federal law enforcement officials, a federal court ordinarily lacks subject matter jurisdiction over a motion to return such property.") (citing *Copeman*, 458 F.3d at 1071). "Where the property was seized by state authorities, 'state avenues of relief' are available to the movant to recover the property and therefore jurisdiction is lacking in federal court." *Id*. at *2 (citing *Copeman*, 458 F.3d at 1073) (quoting, in turn, *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

However, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities." *Copeman*, 458 F.3d at 1073 (quoting *Clymore*, 164 F.3d at 571); *Valenzuela v. United States*, No. 3:15-cv-742-K-BN, 2016 WL 1130579, at *2 (N.D. Tex. Mar. 1, 2016). "When property is seized by state officials, a movant can invoke Rule 41(g) if: (1) federal authorities have actual possession of property, (2) federal authorities have constructive possession of the property that was considered evidence in

3

the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized." *Taylor*, 2022 WL 17616478, at *2 (citing *Valenzuela*, 2016 WL 1130579, at *2; *United States v. Downs*, 22 F. App'x 961, 963 (10th Cir. 2001).

Here, Plaintiff has not alleged that federal authorities seized his vehicle; he instead appears to allege that local law enforcement officials seized it. He does not allege that federal authorities have actual or constructive possession of the vehicle or that local law enforcement acted at federal direction when seizing it. To the extent construed under Rule 41(g), subject matter jurisdiction is lacking over Plaintiff's request for an order compelling the release of his vehicle, and this case should be dismissed without prejudice. *See Taylor*, 2022 WL 17616478, at *1-2 (concluding that court lacked jurisdiction over the plaintiff's request for damages related to lost property that was seized during arrest by local law enforcement officials).

### IV.     SECTION 1983

Alternatively, to the extent he sues City under 42 U.S.C. § 1983, Plaintiff fails to show that he is entitled to the mandatory injunctive relief that he requests. To prevail under that statute, the plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Municipalities can also be liable for the illegal or unconstitutional actions of final policymakers.

4

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

"The description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept's*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery...or contain allegations from

5

which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Here, Plaintiff has failed to identify a policy or custom that was the moving force of a constitutional violation.

Plaintiff has also failed to plausibly allege a constitutional violation, which is a prerequisite to municipal liability. *See*, *e.g.*, *Salazar-Limon v. City of Houston*, 97 F.Supp.3d 898, 910 (S.D. Tex. 2015). He claims that City unlawfully arrested and imprisoned him and seized his vehicle and that this entitles him to relief in the form of an order compelling City to release his property. To state a § 1983 false arrest/imprisonment claim, Plaintiff must plausibly allege that there was not probable cause to arrest him. *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (citing *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995)).

Plaintiff fails to establish that there was not probable cause to arrest him. He only alleges in conclusory fashion, without any detail or underlying facts in support, that the allegations against him were "false." (doc. 6 at 1.) These conclusory assertions are insufficient for purposes of the failure to state a claim analysis. *See*, *e.g.*, *Miguel v. Cochran*, Civil Action No. 5:20-CV-041-BQ, 2020 WL 7700631, at *5 (N.D. Tex. Nov. 25, 2020) ("In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim.") (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

Plaintiff's allegations may also be liberally construed as alleging that his vehicle was illegally seized in violation of the Fourth Amendment. "After an arrest, officers *may* impound an arrestee's vehicle in some circumstances, but that does not mean all vehicles seized after arrest are seized lawfully." *Ferguson v. Dunn*, No. 1:16-CV-00272, 2018 WL 2656990, at *6 (E.D. Tex. Apr. 27, 2018), *rec. accepted* 2018 WL 2670673 (E.D. Tex. June 1, 2018) (emphasis in original). "[T]he public caretaking exception to the warrant requirement allows police to impound [a vehicle after a driver's arrest] to protect the vehicle, its contents, and the surrounding roadways." *Trent v. Wade*, 776 F.3d 368, 387 n.13 (5th Cir. 2015). Officers may impound vehicles in furtherance of public safety and community caretaking functions. *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976).

Plaintiff's allegations are too vague and sparse to state claim. To the extent that officers stopped him while he was driving and then arrested him, the impoundment was permissible so long as it was carried out in furtherance of a community caretaking function; there are no facts to suggest otherwise. *See United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (citing *Opperman*, 428 U.S. at 368; *United States v. Ponce*, 8 F.3d 989, 996 (5th Cir. 1993))*; see also Dittmann v. City of Garland*, No. Civ.A. 3:97-CV-1143-D, 1998 WL 574774, at *5 (N.D. Tex. Aug. 31, 1998) ("After a lawful arrest, the officer may lawfully impound the plaintiff's vehicle without violating his constitutional right against unreasonable seizure.") (citing *United States v. Young*, 825 F.2d 60, 61 (5th Cir. 1987)). Plaintiff fails to plausibly allege that the impoundment of his vehicle violated his Fourth Amendment rights.[4]

In conclusion, Plaintiff fails to plausibly allege a municipal liability claim against City.

---

[4] Plaintiff also references 18 U.S.C. § 242, which criminalizes the deprivation of civil rights under the color of law. (doc. 6 at 2.) Courts have unanimously held, however, that 18 U.S.C. § 242 does not provide for a private cause of action. *See Liu v. City of Allen*, No. 417CV00874ALMCAN, 2018 WL 2144363, at *4 (E.D. Tex. Mar. 12, 2018), *rec. accepted* 2018 WL 2129451 (E.D. Tex. May 9, 2018) (collecting cases).

7

## V.  LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Nor is it required where amendment would be futile—that is, when the amended pleading would fail to state a claim upon which relief could be granted. *See, e.g., Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citation omitted).

As shown, subject matter jurisdiction over Plaintiff's request for the return of property by local law enforcement officials is lacking. Alternatively, he fails to state a claim upon which relief can be granted. Further leave to amend would be futile and is not warranted or necessary.

## VI.  RECOMMENDATION

Any claims under Fed. R. Civ. P. 41(g) should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; alternatively, any claims under 42 U.S.C. § 1983 should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

8

**SIGNED on November 14, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE